UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY STAN RICE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAN BERNARDINO COUNTY SHERIFF'S BUREAU OF DETENTION AND CORRECTIONS,<br><br>　　　　　Defendant. | Case No.  5:24-cv-02604-DDP-JC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND DIRECTING PLAINTIFF TO RESPOND TO ORDER |

**I.　SUMMARY**

On December 4, 2024, Jeremy Stan Rice ("Plaintiff"), a California inmate confined at West Valley Detention Center ("WVDC") in Rancho Cucamonga, who is proceeding *pro se* and has been granted leave to proceed without prepayment of filing fees ("IFP"), formally filed a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against the "San Bernardino County Sheriff's Bureau of Detention and Corrections."  (Docket No. 1).  Plaintiff claims Defendant has violated his constitutional rights, including his right to "equality of civil rights," by depriving him of "the opportunity to education in law [sic]" due to allegedly

inadequate resources in WVDC's law library.  (Comp. at 5).[1]  He seeks "significant relief and punitive damages."  (Comp. at 6).

The Court has screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  As the Complaint is deficient in multiple respects, including those detailed below, it is dismissed with leave to amend.

## II.     STANDARD OF REVIEW

### A.     The Screening Requirement

As Plaintiff is a prisoner proceeding IFP on a civil rights complaint against governmental defendants, the Court must screen the Complaint, and is required to dismiss the case at any time it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e(c); Byrd v. Phoenix Police Dep't, 885 F.3d 639, 641 (9th Cir. 2018) (citations omitted).

When screening a complaint to determine whether it states any claim that is viable, the Court applies the same standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  See Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) (citation omitted).  Rule 12(b)(6), in turn, is read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure.  Zixiang Li v. Kerry, 710 F.3d 995, 998-99 (9th Cir. 2013).  Under Rule 8, each complaint filed in federal court must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While Rule 8 does not require detailed factual allegations, at a minimum a complaint must allege enough specific facts to provide *both* "fair notice" of the particular claim

---

[1] In the copy of the Complaint that is filed on the Court's electronic docket, each individual page is followed by a duplicate page.  Citations to the Complaint in this Order refer to the page numbers located on the bottom-right of each page of the form Complaint – *i.e.*, "Page 1 or 6," "Page 2 of 6," etc.

being asserted *and* "the grounds upon which [that claim] rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 & n.3 (2007) (citation and quotation marks omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" (citing Twombly, 550 U.S. at 555)).

    To avoid dismissal on screening, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Byrd, 885 F.3d at 642 (citations omitted); see also Johnson v. City of Shelby, Mississippi, 574 U.S. 10, 12 (2014) (per curiam) (Twombly and Iqbal instruct that plaintiff "must plead facts sufficient to show that [plaintiff's] claim has substantive plausibility"). A claim is "plausible" when the facts alleged in the complaint would support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. Iqbal, 556 U.S. at 678 (citation omitted); see also Keates v. Koile, 883 F.3d 1228, 1242 (9th Cir. 2018) ("[A] [Section 1983] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." (quoting Iqbal, 556 U.S. at 676)); Gauvin v. Trombatore, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (complaint "must allege the basis of [plaintiff's] claim against *each* defendant" to satisfy Rule 8 requirements (emphasis added)). Allegations that are "merely consistent with" a defendant's liability, or reflect only "the mere possibility of misconduct" do not "show[] that the pleader is entitled to relief" (as required by Fed. R. Civ. P. 8(a)(2)), and thus are insufficient to state a claim that is "plausible on its face." Iqbal, 556 U.S. at 678-79 (citations and quotation marks omitted).

    At this preliminary stage, "well-pleaded factual allegations" in a complaint are assumed true, while "[t]hreadbare recitals of the elements of a cause of action" and "legal conclusion[s] couched as a factual allegation" are not. Id. (citation and quotation marks omitted); Jackson v. Barnes, 749 F.3d 755, 763 (9th Cir. 2014) ("mere legal conclusions 'are not entitled to the assumption of truth'" (quoting

1  Iqbal, 556 U.S. at 678-79)), cert. denied, 574 U.S. 1077 (2015).  In addition, the
2  Court is "not required to accept as true conclusory allegations which are
3  contradicted by documents referred to in the complaint," Steckman v. Hart
4  Brewing, Inc., 143 F.3d 1293, 1295-96 (9th Cir. 1998) (citation omitted), and
5  "need not [] accept as true allegations that contradict matters properly subject to
6  judicial notice or by exhibit," Sprewell v. Golden State Warriors, 266 F.3d 979,
7  988 (9th Cir.), amended on denial of reh'g, 275 F.3d 1187 (9th Cir. 2001) (citation
8  omitted).
9       In general, civil rights complaints are interpreted liberally in order to give
10  *pro se* plaintiffs "the benefit of any doubt."  Byrd, 885 F.3d at 642 (citations and
11  internal quotation marks omitted).  Nonetheless, a *pro se* plaintiff must still follow
12  the rules of procedure that govern all litigants in federal court, including the
13  Rule 8 requirement that a complaint minimally state a short and plain statement of
14  a claim that is plausible on its face.  See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir.
15  1995) (per curiam) ("Although we construe pleadings liberally in their favor, pro se
16  litigants are bound by the rules of procedure." (citation omitted)), cert. denied, 516
17  U.S. 838 (1995); see also Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 954
18  (9th Cir. 2011) (en banc) ("[A] liberal interpretation of a . . . civil rights complaint
19  may not supply essential elements of [a] claim that were not initially pled."
20  (quoting Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992)) (quotation marks
21  omitted; ellipses in original)).
22       If a *pro se* complaint is dismissed because it does not state a viable claim, the
23  court must freely grant "leave to amend" if it is "at all possible" that the plaintiff
24  could fix the identified pleading errors by alleging different or new facts.  Cafasso,
25  U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011)
26  (citation omitted); Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en
27  banc) (citations and internal quotation marks omitted).
28  ///

**B.     Section 1983 Claims**

To state a Section 1983 claim, a complaint must allege that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's federal rights. 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). There is no vicarious liability in Section 1983 lawsuits. Iqbal, 556 U.S. at 676. (citing, *inter alia*, Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 691 (1978)). Hence, a government official may not be held liable under Section 1983 unless the particular official's own actions caused the alleged constitutional deprivation, OSU Student Alliance v. Ray, 699 F.3d 1053, 1069 (9th Cir. 2012) (citing Iqbal, 556 U.S. at 676), cert. denied, 571 U.S. 819 (2013), and a municipal entity (such as a city or county, or its agencies and departments) may be held liable only for constitutional violations occurring pursuant to an official government policy or custom, Collins v. City of Harker Heights, Tex., 503 U.S. 115, 121 (1992); Monell, 436 U.S. at 694. The municipal entity "cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under [Section] 1983 on a respondeat superior theory." Monell, 436 U.S. at 692; Bd. of the Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown, 520 U.S. 397, 403 (1997). Thus, "[i]n order to hold the County liable under [Section] 1983, [Plaintiff] must show (1) that he possessed a constitutional right of which he was deprived; (2) that the [County] had a policy; (3) that the policy amounts to deliberate indifference to [Plaintiff's] constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" Anderson v. Warner, 451 F.3d 1063, 1070 (9th Cir. 2006) (citations and internal quotation marks omitted); Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011), cert. denied, 569 U.S. 904 (2013).

///

///

## III. DISCUSSION

As indicated above, Plaintiff claims that his constitutional rights have been violated due to WVDC's allegedly deficient law library. (See Comp. at 5). As explained below, the Complaint is dismissed with leave to amend because it fails to state a viable claim for relief.[2]

The Constitution does not guarantee prisoners "an abstract, freestanding right to a law library or legal assistance." Lewis v. Casey, 518 U.S. 343, 351 (1996). However, prisoners do retain a constitutional right to "meaningful access to the courts," which generally requires prison officials to ensure that prisoners have the "capability of bringing contemplated challenges to sentences or conditions of confinement before the courts," including by providing prisoners with access to adequate law libraries. Id. at 351, 356; see also Bounds v. Smith, 430 U.S. 817, 828 (1977) (holding "that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law" (footnote omitted)), overruled in part on other grounds, Lewis, 518 U.S. at 354. To state a claim for violation of this right, a prisoner must plausibly show that the inadequate legal resources or assistance caused "actual injury" – that is, that the conditions frustrated or are impeding the inmate's attempt to bring a nonfrivolous legal claim. Lewis, 518 U.S. at 348-49; Nev. Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citation omitted), cert. denied, 566 U.S. 911 (2012). As the Supreme Court explained:

///

---

[2] The Complaint does not specify which rights were allegedly violated. Below, the Court expressly analyzes the Complaint under the constitutional rights of access to the courts and to equal protection. The Court has reviewed the Complaint as a whole and cannot discern any other potentially viable federal grounds for relief based on Plaintiff's allegations, liberally construed.

1     [A]n inmate cannot establish relevant actual injury simply by
2     establishing that his prison's law library or legal assistance program
3     is subpar in some theoretical sense. . . . "[M]eaningful access to the
4     courts is the touchstone," and the inmate therefore must go one step
5     further and demonstrate that the alleged shortcomings in the library or
6     legal assistance program hindered his efforts to pursue a legal claim.
7     He might show, for example, that a complaint he prepared was
8     dismissed for failure to satisfy some technical requirement which,
9     because of deficiencies in the prison's legal assistance facilities, he
10     could not have known. Or that he had suffered arguably actionable
11     harm that he wished to bring before the courts, but was so stymied by
12     inadequacies of the law library that he was unable even to file a
13     complaint.
14 Lewis, 518 U.S. at 351 (quoting Bounds, 430 U.S. at 823). Here, Plaintiff alleges
15 that WVDC's law library consists solely of books that "are damaged (missing
16 pages) or extremely outdated" (Comp. at 5), but he does not allege that these
17 conditions caused him to suffer any "actual injury" in litigating a nonfrivolous
18 legal claim. He therefore fails to state a claim on this basis.
19     Dismissal is also warranted to the extent that Plaintiff intends to assert a
20 claim for violation of his constitutional right to "equality," or equal protection.
21 (See Comp. at 5). A claim for violation of the Equal Protection Clause of the
22 Fourteenth Amendment requires showing that Defendant intentionally
23 discriminated against Plaintiff based upon Plaintiff's membership in a protected (or
24 "suspect") class, such as race, see, e.g., Lee v. City of Los Angeles, 250 F.3d 668,
25 686 (9th Cir. 2001), or that Defendant intentionally treated Plaintiff differently
26 from similarly situated individuals without a rational relationship to a legitimate
27 state purpose, Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).
28 ///

1    Here, Plaintiff vaguely asserts that Defendant has "denied every *pro per*
2    individual *equality* of opportunity in education of law" at WVDC, due to the
3    allegedly "damaged" or "outdated" law books. (Comp. at 5 (emphases added)).
4    *Pro per* individuals – *i.e.*, litigants who are not represented by counsel – are not a
5    suspect class. See Leskinen v. Perdue, 837 F. App'x 447, 450 (9th Cir. 2020)
6    (equal protection claim failed in part because plaintiff did not "identif[y] any
7    authority to suggest that pro se plaintiff's are a suspect class"); Tran v. Nationstar
8    Mortg. LLC, 2015 WL 6955015, at *2 (N.D. Cal. Nov. 10, 2015) ("Pro se litigants
9    are not a suspect class meriting strict scrutiny." (citing Wolfe v. George, 486 F.3d
10   1120, 1126 (9th Cir. 2007))). Neither are prisoners. See Rodriguez v. Cook, 169
11   F.3d 1176, 1179 (9th Cir. 1999). Plaintiff therefore does not allege that he is a
12   member of any suspect class. Moreover, he does not specify in what ways he, as a
13   *pro per* inmate, has been treated differently from other, "similarly situated"
14   inmates, including inmates with counsel. He does not allege, for example, that
15   some inmates have direct access to a better law library at WVDC. Otherwise, to
16   the extent that Plaintiff is complaining simply that *pro per* inmates at WVDC have
17   less access to legal expertise or assistance than inmates with counsel, he cannot
18   show that such difference is irrational in any respect. Cf. Moore v. Bd. of Trs. of
19   Yakima Cty. Library, 268 F. App'x 669, 671 (9th Cir. 2008) (affirming denial of
20   equal protection claim because plaintiff "failed to meet his burden to negate 'every
21   conceivable basis which might support' rule allowing attorneys to access to county
22   law library while denying access to pro se litigants" (citations omitted)). Indeed, it
23   would be irrational to insist that unrepresented inmates at a jail facility be given the
24   same "opportunity in education of law" (Comp. at 5) as trained lawyers. Inferring
25   such a requirement under the Constitution would also seem to conflict with the
26   holdings addressed above, which establish that an inmate's constitutional "right to
27   litigation assistance . . . is limited to the tools prisoners need 'in order to attack
28   their sentences, [either] directly or collaterally, and in order to challenge the

conditions of their confinement.'" Silva v. Di Vittorio, 658 F.3d 1090, 1102 (9th Cir. 2011) (quoting Lewis, 518 U.S. at 355), abrogated on other grounds as stated in Richey v. Dahne, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015). Plaintiff therefore fails to establish a violation of his constitutional rights based on the alleged conditions at WVDC.

## IV.  ORDERS[3]

In light of the foregoing, IT IS HEREBY ORDERED that the Complaint is dismissed with leave to amend.

IT IS FURTHER ORDERED that within twenty-one (21) days of the date of this Order, Plaintiff must do one of the following:

1. File a First Amended Complaint which cures the pleading defects set forth herein;[4] or

///

---

[3] The Court's order herein constitutes a non-dispositive ruling on a pretrial matter. To the extent a party disagrees with such non-dispositive ruling, such party may file a motion for review by the assigned District Judge within fourteen (14) days. See Local Rule 72-2.1. To the extent a party believes the rulings to be dispositive, rather than non-dispositive, such party has the right to object to this Court's determination that the rulings are non-dispositive within fourteen (14) days. A party will be foreclosed from challenging the rulings herein if such party does not seek review thereof, or object thereto.

[4] The Clerk is directed to provide Plaintiff with a Central District of California Civil Rights Complaint Form, CV-66, to facilitate Plaintiff's filing of a First Amended Complaint if he elects to proceed in that fashion. Any First Amended Complaint must: (a) be labeled "First Amended Complaint"; (b) be complete in and of itself and not refer in any manner to the original Complaint – i.e., it must include all claims on which Plaintiff seeks to proceed (Local Rule 15-2); (c) contain a "short and plain" statement of each of the claim(s) for relief (Fed. R. Civ. P. 8(a)); (d) make each allegation "simple, concise and direct" (Fed. R. Civ. P. 8(d)(1)); (e) set forth clearly the sequence of events giving rise to the claim(s) for relief; (f) allege specifically what each Defendant did and how that individual's conduct specifically violated Plaintiff's civil rights; (g) for each claim asserted, specifically identify which Defendants are being sued and in what capacity; (h) not add Defendants or claims that are not reasonably related to the claims asserted in the Complaint; (i) include a title naming all the parties (Fed. R. Civ. P. 10(a)); and (j) set forth "each claim founded on a separate transaction or occurrence . . . in a separate count[.]" Fed. R. Civ. P. 10(b).

2. Sign and file the attached Notice of Dismissal which will result in the voluntary dismissal of this action without prejudice; or

3. File a Notice of Intent to Stand on the Complaint, indicating Plaintiff's intent to stand on the Complaint despite the pleading defects set forth herein, which may result in the dismissal of this action based upon such defects.

**Plaintiff is cautioned that his failure timely to file a First Amended Complaint, a Notice of Dismissal, or a Notice of Intent to Stand on the Complaint may be deemed Plaintiff's admission that amendment is futile, and may result in the dismissal of this action with or without prejudice on the grounds set forth above, on the ground that amendment is futile, for failure diligently to prosecute and/or for failure to comply with this Order.**

IT IS SO ORDERED.

DATED: April 7, 2025

                                             /s/
                                    Honorable Jacqueline Chooljian
                                    UNITED STATES MAGISTRATE JUDGE

Attachments